# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Kenath Richard Stein, | Civ. No. 09-1995 (MJD/JJG) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| Chase Home Finance, LLC and National City Bank, | |
| Defendants. | |

JEANNE J. GRAHAM, United States Magistrate Judge

This matter is before the Court on Plaintiff Kenath Richard Stein's Motion to Strike Notice of Removal (Doc. No. 2) and Motions to Consolidate Cases (Doc. Nos. 26 and 28). Plaintiff is representing himself pro se. Aleava Rael Sayre appeared for Defendant Chase Home Finance, LLC, and Ben I. Rust appeared for Defendant National City Bank.

The Honorable Michael J. Davis, Chief Judge, United States District Court for the District of Minnesota, referred the above motions to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) in orders of reference dated October 20, 2009 (Doc. No. 10), December 16, 2009 (Doc. No. 27), and January 4, 2010 (Doc. No. 30). For the reasons set forth below, the Court recommends that the motions be denied.

## I.   BACKGROUND

Plaintiff initiated this action in state court against Chase Home Finance, LLC ("Chase") and National City Bank ("National"). He alleges in his Complaint that Chase and National each held a promissory note securing a mortgage on Plaintiff's residence. The amount of the note held by Chase was $481,352.60, and the amount of the note held by National was $100,000. After

Plaintiff defaulted on the loans, Chase and National initiated foreclosure proceedings. Plaintiff alleges that during those proceedings, Chase and National ignored his communications and refused to provide documentation of the original notes, which prevented him from redeeming the property.

Based on the alleged conduct, Plaintiff brings a claim under Minn. Stat. § 336.3-302, the Minnesota Uniform Commercial Code "Holder in Due Course" statute; a claim for breach of contract; and a claim for theft under Minn. Stat. § 604.14. He is seeking $50,000 in joint and several damages, double damages for theft under Minn. Stat. § 604.14, production of the original notes, and forfeiture of the property.

Chase and National jointly removed the case to federal court on July 30, 2009, claiming diversity jurisdiction. In the Notice of Removal, they also asserted they were never properly served because Plaintiff did not include a notice, acknowledgement, and return envelope with the Summons and Complaint.[1]

On August 10, 2009, Plaintiff moved to "strike" the removal, effectively seeking to remand the case to state court. Given Plaintiff's pro se status, the Court will liberally construe the motion to strike as one to remand. Plaintiff argues that the case involves Minnesota property and violations of Minnesota law and should therefore be decided in state court. Although Plaintiff insists federal jurisdiction is lacking, he also avers in his motion that "[j]urisdiction is conferred on this Court by 28 U.S.C. §§ 1331 and 1337; the Truth in Lending Act, 15 U.S.C. § 1601; and the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601." (Pl.'s Mot. Strike at 2.)

In separate responses to Plaintiff's motion, Chase and National note that Plaintiff does not dispute that the parties are diverse and that he is seeking potentially more than $75,000 in

---

[1] Both Chase and National alleged insufficient service of process as an affirmative defense in their answers, filed respectively on October 20, 2009 and November 2, 2009.

damages. Chase and National also argue that Plaintiff has "submitted" to federal jurisdiction by making the above jurisdictional statement in his motion papers.

**II.      DISCUSSION**

For diversity jurisdiction to exist, the parties to an action must not only be citizens of different states, but the matter in controversy must also exceed "the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). If these requirements are not met, there is no federal subject matter jurisdiction, and the case must be remanded to state court.

**A.      Diversity of the Parties**

Plaintiff is a Minnesota citizen. National's principal place of business is in Ohio, and Chase is a Delaware limited liability company with its principal place of business in New Jersey. Because Chase is a limited liability company, its citizenship is determined not by its principal place of business but by the citizenship of its members. *See GMAC Comm. Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004).

Prior to the motion hearing, there was nothing in the record to indicate the citizenship of Chase's members, and the Court therefore instructed Chase to redress this jurisdictional deficiency within a week of the hearing. Chase timely filed an affidavit on December 15, 2009, stating that its only member is incorporated in Delaware, with a principal place of business in New Jersey. Accordingly, Chase and National have shown they are completely diverse from Plaintiff, and this requirement for diversity jurisdiction is satisfied.

**B.      The Amount in Controversy**

The amount in controversy requirement is met "when a fact finder could legally conclude, from the pleadings and the proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than $75,000." *Capitol Indem. Corp. v. 1405 Assocs., Inc.*,

340 F.3d 547, 549 (8th Cir. 2003) (quoting *Kopp v. Kopp*, 280 F.3d 883, 884 (8th Cir. 2002)). "The jurisdictional fact . . . is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude they are." *Kopp*, 280 F.3d at 885.

Here, it is Chase and National who are claiming diversity jurisdiction, and are in the somewhat unusual position of advocating Plaintiff's damages. Based on Plaintiff's causes of action and requested damages, National calculates the amount in controversy as at least $150,000: $50,000 in joint and several damages, and a claim for double damages, which could total $100,000. Chase adds that Plaintiff has also requested forfeiture of the property, which would be valued at $581,352.60, based on the amounts of the two mortgages. The Court takes no position on the merits of Plaintiff's claims, but determines only, in light of these amounts, that a fact finder could legally conclude that Plaintiff's damages exceed $75,000.

### C. Whether Plaintiff Has Acquiesced to Federal Jurisdiction

Although the two requirements for diversity jurisdiction have been satisfied, the Court will briefly address Chase's alternative argument that Plaintiff has acquiesced to federal jurisdiction. Plaintiff stated in his motion to remand that "[j]urisdiction is conferred on this Court by 28 U.S.C. §§ 1331 and 1337; the Truth in Lending Act, 15 U.S.C. § 1601; and the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601." However, unlike personal jurisdiction, a party cannot acquiesce to federal subject matter jurisdiction. *Wells Fargo Fin. Leasing, Inc. v. Orlando Magic Ltd.*, 431 F. Supp. 2d 955, 960 (S.D. Iowa 2006).

Nor does the passing mention of a federal statute in Plaintiff's pro se Complaint confer federal question jurisdiction. Plaintiff referred to 12 U.S.C. §§ 3752-3764 in alleging that only the Secretary of Housing and Urban Development may foreclose a real estate mortgage (Compl. ¶¶ 15(C)(g), 16(C)(q)). But the Complaint does not refer to these statutes in the listed "Causes of

4

Action," and Plaintiff disavowed any intent to raise a federal cause of action by the allegations. Construing the Complaint liberally in Plaintiff's favor, the Court finds no federal question jurisdiction conferred by the allegations.

### D. Plaintiff's Motions for Consolidation

After the hearing on Plaintiff's motion to remand, Plaintiff filed two motions for consolidation, asking the Court to consolidate this case with an apparently newly-filed state court case.[2] The motions for consolidation are identical, except that one is dated December 15, 2009, and the other December 22, 2009. Because the motions request the same relief as Plaintiff's motion to remand, without offering anything new in the way of argument, the Court recommends that they be summarily denied.

### III. RECOMMENDATION

This case was properly removed to federal court on the basis of diversity jurisdiction and should not be remanded to state court. Therefore, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff Kenath Richard Stein's Motion to Strike Notice of Removal (Doc. No. 2) be **DENIED**; and

2. Plaintiff Kenath Richard Stein's Motions to Consolidate Cases (Doc. Nos. 26 and 28) be **DENIED**.

Dated: January 5, 2010

  s/ *Jeanne J. Graham*
JEANNE J. GRAHAM
United States Magistrate Judge

---

[2] The case number of Plaintiff's original state court case was Case No. 27-CV-09-17973. The case number referenced in Plaintiff's motions to consolidate is Case No. 27-CV-09-29825.

# NOTICE

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **January 20, 2010**. A party may respond to the objections within ten days after service thereof. Any objections or responses shall not exceed 3,500 words. The district judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made. The party making the objections must timely order and file the transcript of the hearing unless the parties stipulate that the district judge is not required to review a transcript or the district judge directs otherwise.